## No. 489
## SHANNON CO. v. MITCHELL FURN. CO.
Ohio Appeals, 1st District, Hamilton County
N. 2032. Decided April 2, 1923

PRACTICE—(1) Verdict not manifestly against weight of evidence. PLEADING—(2) Immaterial variance between pleadings and proof. EVIDENCE—(3) Admissibility of evidence as to whether contract was written or oral.

CUSHING, J.: Epitomized Opinion

The Shannon Company brought suit in the Court of Common Pleas of Hamilton County to recover on an account and also asking judgment for $2,424 with interest based upon a certain agreement with the Mitchell Furniture Company. The Mitchell Furniture Company had entered into a contract to manufacture 25,000 cabinets for the Columbia Graphophone Manufacturing Co. and in order to carry out the terms of this contract entered into an oral agreement with the plaintiff whereby the plaintiff was to produce and furnish mahogany and walnut stains and filler. After plaintiff had furnished these stains for some time the defendant notified it that they were unsatisfactory. Thereupon the plaintiff cancelled all orders and refused to deliver any more material. To the plaintiff's amended petition the Furniture Co. filed a denial and also a cross petition claiming that it had suffered heavy losses because it was necessary to remove the filler and siatn from the cabinets. At the trial the defendant recovered a judgment for $5,450. Plaintiff prosecuted error. In affirming the judgment of the Common Pleas Court, the Court of Appeals held:

1. It cannot be said as a matter of law that the verdict was manifestly against the weight of the evidence.

2. No variance between the allegation in the pleading, and the proof, shall be deemed material, unless it has actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits.

3. As the pleadings made a direct issue on the question as to whether the contract was verbal or oral and also as to the time when it was made, evidence was admissible on this disputed issue and it was proper to submit the same to the jury for its consideration.

Attorneys—Charles Broadwell and Robert M. Scott, for Shannon Company; Leo J. Brumleve, for Mitchell Furniture Company.

## No. 490
## B. & OHIO R. R. CO. v. SUZICH
Ohio Appeals, 7th Dist., Mahoning County
No. ____. Decided March 23, 1923.

RAILROADS—(1) Error by court in giving special charge which was not responsive to the issues—(2) Error in court's failure to correctly define duty that Railroad owed plaintiff—(3) Error of court in assuming certain facts which are at issue—(4) Improper definition of proximate cause—(5) Verdict manifestly against weight of evidence.

FARR, J.:

Epitomized Opinion

This was an action for personal injuries brought by Walter Suzich against the B. &. O. Railroad. Plaintiff sustained certain injuries while alighting from a train of the Railroad at its station in Youngstown, Ohio. The evidence also disclosed that plaintiff was a special policeman of the Railroad and was working for the Railroad at the time the accident occurred. The train reached the depot and later backed inon a siding and while it was moving slowly, Suzich, who was riding on the car next to the tender, attempted to alight, and in so doing was thrown between the rails and the concrete platform of the depot. Suzich claimed that the Railroad was negligent in that the platform was made slippery by milk which had been spilled thereon, and this slippery condition caused him to fall. The Railroad claimed that it was not negligent, and also claimed that the plaintiff was merely a licensee or trespasser in that he was riding without a pass, and also set up contributory negligence. The trial resulted in a verdict for the plaintiff in the sum of $8,500. Defendant prosecuted error, claiming error in the charge of the trial court and also claiming that the judgment was against the weight of the evidence. In reversing the judgment of the Common Pleas Court of Mahoning County, the Court of Appeals held:

1. Where an issue is raised as to whether the plaintiff is a trespasser, licensee or a passenger, the court committed error in giving a special charge where that charge failed to specify that the company owed the plaintiff no duty if the jury found from the evidence that he was a trespasser or licensee except the duty not to injure him.

2. Court erred in failing to distinguish between rightfully and wrongfully getting off the train where this distinction was a vital point in the case.

3. As an issue was raised as to whether the platform was slippery at the place where plaintiff fell, court erred in his general charge in using the expression "in stepping upon this slippery place," as this gave the jury to understand that the court believed that the place was slippery where the plaintiff alighted from the train.

4. In defining proximate cause as "the direct cause which causes an injury" the court committed error, as the definition was insufficient and not explicit in character.

5. As eight witnesses testified for the Railroad Company that there was no slippery condition at the place where the accident happened as against two witnesses for the plaintiff, in addition to the plaintiff's own testimony, the finding of the jury that there did exist a slappery condition was manifestly against the weight of evidence.